**B1**
**Face Page - Introduction[1]**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>21-60037-CR-CANNON</u>**

**UNITED STATES OF AMERICA**

**vs.**

**CHRISTOPHER TAVORRIS WILKINS,**

**Defendant.**
_____/

<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

[1] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence[2]**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[2] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence**
**When a Defendant Does Not Testify[3]**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[3] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B3**
**Definition of "Reasonable Doubt"[4]**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[4] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B4**
## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court[5]

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[5] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B5**
**Credibility of Witnesses**[6]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[6] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**S2.1**
**Confession or Statement of a Single Defendant[7]**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

---

[7] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**S5**
**Note-taking[8]**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[8] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B8**
**Introduction to Offense Instructions[9]**

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant forcibly assaulted a Federal officer using a deadly or dangerous weapon, in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b).

Count 2 charges that the Defendant threatened to assault or murder a Federal law enforcement officer, in violation of Title 18, United States Code, Section 115(a)(1)(B).

---

[9] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction but for the changes to specifically identify the charged offenses.

## O1.2
## Forcibly Assaulting a Federal Officer with
## Use of a Deadly Weapon
## 18 USC § 111(b)[10]

It's a Federal crime to forcibly assault a Federal officer using a **deadly or dangerous weapon**[11] while the officer is performing official duties.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant "forcibly assaulted" the person described in the indictment;

(2) the person assaulted was a Federal officer performing an official duty; and

(3) the Defendant used a **deadly or dangerous weapon**.[12]

A "forcible assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death.

The Government must prove beyond a reasonable doubt that the victim was an employee of the United States performing an official duty and the Defendant

---

[10] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction but for the changes requested by the defendant.

[11] The defense seeks to modify the phrase "deadly or dangerous weapon" and use "deadly and dangerous weapon" in its place. The defense contends that the indictment alleges deadly and dangerous in the conjunctive and thus, the enhancement is not at issue because the statutory language is not alleged. The United States disagrees with the modification and requests that the "deadly or dangerous weapon" language remain in its current state.

[12] See aforementioned footnote.

forcibly assaulted the officer. Whether the Defendant knew at the time that the victim was an employee of the United States carrying out an official duty does not matter.

An Assistant United States Attorney of the United States Attorney's Office is a Federal Officer and an employee of the United States and has the official duty to prosecute violations of federal criminal law.[13]

**A "deadly or dangerous weapon" means any object that can cause death or present a danger of serious bodily injury.[14]**

To show that such **a weapon**[15] was "used," the Government must prove that the Defendant possessed the weapon and intentionally displayed it during the **forcible assault**.[16]

Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt doesn't have to be carried out and the victim doesn't have to be injured.

---

[13] The Eleventh Circuit Pattern Jury Instruction allows for the specific identification of the federal employee by title and duty. The parties agree as to the wording of this paragraph.

[14] The defense opposes this definition and seeks the inclusion of the following: A "*deadly and dangerous weapon*" means any object that is intentionally used in a manner that could cause death and present a danger of serious bodily injury." The United States opposes this definition.

[15] The defense seeks inclusion of the phrase "*deadly and dangerous*". The United States opposes.

[16] The defense seeks to add "*with intent to cause death or to inflict bodily injury*" to the end of the sentence. The United States opposes.

## S10.1
## Lesser Included Offense (Single)[17]

In some cases a defendant is charged with breaking a law that actually covers two separate crimes.

A "lesser included offense" is a crime that isn't as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime charged in Count 1, you must determine whether the Defendant is guilty of the lesser included offense.

Proof of the lesser included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count 1, except that the Defendant used a **deadly or dangerous weapon**.[18]

If you find the Defendant not guilty of the first lesser included offense, then you must determine whether the Defendant is guilty of simple assault.

The Defendant can be found guilty of simple assault only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly assaulted the individual described in the indictment; and

(2)   the assault occurred on federal property or the person assaulted was a Federal officer performing an official duty.

---

[17] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction but for the identified disagreements between the parties.

[18] The defense seeks to modify the phrase "deadly or dangerous weapon" and use "deadly and dangerous weapon" in its place. The defense contends that the indictment alleges deadly and dangerous in the conjunctive and thus, the enhancement is not at issue because the statutory language is not alleged. The United States disagrees with the modification and requests that the "deadly or dangerous weapon" language remain in its current state.

A simple assault is a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

A federal courthouse is federal property.

## Threatening A Federal Law Enforcement Officer
## 18 USC § 115(a)(1)(B)[19]

It's a Federal crime to threaten to assault or murder a Federal law enforcement officer with intent to retaliate against the official on account of the official's performance of official duties.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) **the Defendant knowingly threatened to assault or murder the individual described in the indictment;**[20] and

(2) the Defendant made the threat with the intent to retaliate against such official on account of the performance of official duties.

The Government must prove beyond a reasonable doubt that the victim was a Federal law enforcement officer or United States official. Whether the Defendant knew at the time of the alleged threat that the victim was a Federal law enforcement officer or United States official does not matter.

An Assistant United States Attorney is a Federal law enforcement officer authorized by law to engage in the prosecution of any violation of Federal criminal law.[21]

---

[19] Reliance on <u>UNITED STATES V. PRATERSCH</u>, 19-CR-26-ORL-41TBS (INSTRUCTION 10) due to lack of Eleventh Circuit precedent.

[20] The defense believes that element 1 should read "The Defendant knowingly threatened to murder the individual described in the indictment." The defendant argues that the charge of threat to assault is a lesser-included offense of a threat to murder. The United States disagrees.

[21] The Eleventh Circuit Pattern Jury Instruction allows for the specific identification of the federal employee by title and duty. The parties agree as to the wording of this paragraph.

A **threat is a serious expression of intent to inflict bodily injury or murder made under circumstances that would cause apprehension in a reasonable person as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.**[22]

---

[22] The defendant believes that the definition should read as follows: "A threat is a serious expression of actual intent to murder made under circumstances that would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration, or something said in a joking manner."

*Lesser Included Offenses*[23]

In some cases a Defendant is charged with breaking a law that actually covers separate crimes.

A *"lesser included offense"* is a crime that isn't as serious as the main crime that Defendant is charged with in Count 2.

If you find the Defendant not guilty of the crime charged in Count 2, you must determine whether the Defendant is guilty of a lesser included offense.  The first lesser included offense is threatening to assault a Federal law enforcement officer.

The Defendant can be found guilty of threatening to assault a Federal law enforcement officer only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant knowingly threatened to assault the individual described in the indictment; and

(2)   the Defendant made the threat to assault with the intent to retaliate against

      such official on account of the performance of official duties.

As I instructed you before, the Government must prove beyond a reasonable doubt that the victim was a Federal law enforcement officer or a United States official.  Whether the Defendant knew at the time of the alleged threat that the victim was a Federal law enforcement officer or United States official does not matter.

---

[23] The United States disagrees with the inclusion of this instruction.

An Assistant United States Attorney is a Federal law enforcement officer authorized by law to engage in the prosecution of any violation of Federal criminal law.

A threat to assault is a serious expression of intent to inflict injury made under circumstances that would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.

If you find the Defendant not guilty of the lesser included offense of threatening to assault a Federal law enforcement officer, then you must determine whether the Defendant guilty of the next lesser included offense.  This next lesser included offense is simple assault.

If you find the Defendant not guilty of the first lesser included offense, then you must determine whether the Defendant is guilty of simple assault.

The Defendant can be found guilty of simple assault only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knowingly assaulted the individual described in the indictment; and

(2)     the assault occurred on federal property or the person assaulted was a Federal officer performing an official duty.

A simple assault is a serious expression of intent to inflict injury made under circumstances that would cause apprehension in a reasonable person as

*distinguished from idle or careless talk, exaggeration, or something said in a joking*

*manner.  The ability to carry out the threat must be apparent and immediate.*

*A federal courthouse is federal property.*

**B9.2**
**On or About a Particular Date; Knowingly[24]**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

---

[24] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B8.1**
**Conjunctively Charged Counts**[25]

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.[26]

---

[25] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.
[26] The defendant believes that, based on how Count 1 is alleged in the indictment, the United States must prove that the defendant used a "deadly and dangerous weapon" instead of a "deadly or dangerous weapon." The United States disagrees.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)[27]**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

---

[27] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B11**
**Duty to Deliberate[28]**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[28] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**B12**
**Verdict[29]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[29] This instruction conforms to the Eleventh Circuit Pattern Jury Instruction.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>21-60037-CR-CANNON</u>**

**UNITED STATES OF AMERICA**

**vs.**

**CHRISTOPHER TAVORRIS WILKINS,**

**Defendant.**
_____/

**<u>VERDICT FORM</u>**

We, the Jury in the above-captioned case, unanimously find:

As to **Count 1** of the Indictment, which charges Defendant **CHRISTOPHER TAVORRIS WILKINS** with committing a forcible assault with a **deadly or dangerous weapon**,[30] we, the Jury, find Defendant **CHRISTOPHER TAVORRIS WILKINS**:

GUILTY   _____          NOT GUILTY   _____

If you find the Defendant GUILTY of **Count 1** of the Indictment, you must proceed to Count 2. If you find the Defendant **NOT GUILTY**, you must proceed to Paragraph A below. In answering the question posed in Paragraph A, you must select one category. In doing so, you must all agree that the evidence supports the elements of that specific category beyond a reasonable doubt.

---

[30] The defendant argues that it should be "deadly and dangerous weapon."

(A)   We, the Jury, having found the Defendant not guilty of committing a forcible assault with a **deadly or dangerous weapon**,[31] further find with respect to the lesser-included offense of committing a forcible assault, we, the Jury, find Defendant **CHRISTOPHER TAVORRIS WILKINS**:

_____   GUILTY

_____   NOT GUILTY

If you find the Defendant GUILTY of committing a "forcible assault," you must proceed to Count 2. If you find the Defendant **NOT GUILTY**, you must proceed to Paragraph B below. In answering the question posed in Paragraph B, you must select one category. In doing so, you must all agree that the evidence supports the elements of that specific category beyond a reasonable doubt.

(B)   We, the Jury, having found the Defendant not guilty of committing a forcible assault, further find with respect to the lesser-included offense of committing a simple assault, we, the Jury, find Defendant **CHRISTOPHER TAVORRIS WILKINS**:

_____   GUILTY

_____   NOT GUILTY

---

[31] The defendant argues that it should be "deadly and dangerous weapon."

As to **Count 2** of the Indictment, we, the Jury, find Defendant **CHRISTOPHER TAVORRIS WILKINS**:

GUILTY     _____       NOT GUILTY     _____

     **If you find the Defendant GUILTY of Count 2 of the Indictment, you must proceed to Paragraph A below. In answering the question posed in Paragraph A, you may find the Defendant guilty under one or both of the two categories set forth in Paragraph A. But, in selecting each category, if any, you must all agree that the evidence supports the elements of that specific category beyond a reasonable doubt.**

    **(A)   We, the Jury, having found the Defendant guilty of the offense charged in Count 2, further find with respect to that Count that he:**

   _____ **Knowingly threatened to murder the individual described in the indictment.**

   _____ **Knowingly threatened to assault the individual described in the indictment.**[32]

**SO SAY WE ALL**

Signed and dated at the Alto Lee Adams, Sr. U.S. Courthouse, Fort Pierce, Florida, this _____ day of January, 2022.

                                 _____

                                    **FOREPERSON OF THE JURY**

---

[32] The Defendant argues that Count 2 should charge "threat to murder" as the primary charge with "threat to commit" assault as the first lesser-included and "threat to commit simple assault" as the second lesser-included.